UTICA,
Aug 1826.

Ex parte
Stafford.

plaintiff, though the process be not returned. (*id.* 413. 7 *Mod.* 32.) But it will be seen that our statute on the same subject, (1 *R. L.* 345, *s.* 11,) differs from the English. It requires the return of the process.

*S. Chapman* and *A. Stewart*, contra, cited *Col.* and *Cain. Cas.* 61 ; 1 *Archb. Pr.* 228, 9.

---

## Ex parte STAFFORD.

An appeal lies from the judgment of a justice in favor of the plaintiff, where an issue is joined ; though the defendant do not appear, and take no part in the trial.

STAFFORD sued *Faniham* before a justice of *Madison* county. He declared ; and *Faniham* pleaded the general issue. The cause was then adjourned. The defendant

did not appear at the adjourned day ; when the justice
heard the cause, and gave judgment for *Stafford.* *Fan-
iham* appealed to the *Madison* common pleas. On a
motion before them in behalf of *Stafford* to quash the ap-
peal, on the ground that, there having been no trial before
the justice, a certiorari, not an appeal, was the proper
remedy, they denied the motion.

UTICA,
Aug. 1826.
Prescott
v.
Roberts.

*J. A. Spencer,* now moved, (*ex parte*,) for an alterna-
tive mandamus, commanding them to quash the appeal ;
and cited laws of 1824, *sess.* 47, *ch.* 238, *p.* 294, *s.* 36,
and *Harwood* v. *French,* (4 *Cowen,* 501.)

The motion was not opposed ; but

*Per Curiam.* The case cited was one in which no is-
sue was joined. If an issue is joined, there must be a
trial before judgment can be rendered for the plaintiff ;
though it may be *ex parte,* and like an inquest at the cir-
cuit. It is not the less a trial of the cause, within the
words of the statute, because it is not actually contested,
and witnesses sworn on both sides. It does not alter its
character, whether the defendant be present or absent.
The motion must be denied.

Motion denied.